UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CR18-16 TSZ |
| PATRICK TABLES, | ORDER |
| Defendant. | |

THIS MATTER comes before the Court on defendant Patrick Tables's motion for compassionate release, docket no. 562. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

Defendant pleaded guilty to conspiracy to distribute controlled substances and was sentenced on September 19, 2019, to the mandatory minimum term of 120 months in the custody of the United States Bureau of Prisons ("BOP"). *See* Judgment (docket no. 305); Plea Agreement (docket no. 199). Defendant has been in custody since his arrest on February 26, 2018. *See* Detention Order (docket no. 34). He is currently incarcerated at the Federal Correctional Institution in Big Spring, Texas ("FCI Big Spring"), with a

ORDER - 1

projected release date of August 22, 2026.  He seeks immediate release on the ground that his age (55) and medical conditions (hepatitis C, type 2 diabetes, hypertension, post-traumatic stress disorder, enlarged prostate, an arteriovenous malformation in the brain, and history of Bell's palsy and stroke) increase the possibility of acute illness or death from Coronavirus Disease 2019 ("COVID-19"), which warrants a reduction in his sentence.  The Court agrees.

**Discussion**

A sentence is generally considered final and may not be altered except in limited circumstances.  See 18 U.S.C. § 3582(b); see also Dillon v. United States, 560 U.S. 817, 824 (2010).  Prior to 2018, a modification for reasons other than a post-conviction lowering of the applicable sentencing range could be made only upon a motion brought by the Director of BOP.  See United States v. Rodriguez, --- F. Supp. 3d ---, 2020 WL 1627331 at *2 (E.D. Penn. Apr. 1, 2020).  Congress has since enacted the First Step Act of 2018, which permits a defendant, after exhausting administrative remedies,[1] to directly request a reduction in the term of incarceration.  See 18 U.S.C. § 3582(c)(1)(A).  The First Step Act did not, however, amend the two statutorily-enumerated grounds for compassionate release, namely (i) the existence of "extraordinary and compelling reasons" supporting a reduction; or (ii) the satisfaction of certain criteria for a defendant

---

[1] The exhaustion requirement is satisfied on the earlier of (i) the resolution of an administrative appeal concerning BOP's failure to bring a motion for early release on a defendant's behalf, or (ii) the lapse of thirty (30) days after the warden of the facility at which the defendant is in custody receives a request to make such motion.  18 U.S.C. § 3582(c)(1)(A).  The parties agree that defendant in this matter has met the prerequisite of exhaustion.

ORDER - 2

sentenced to life imprisonment under 18 U.S.C. § 3559(c).  <u>See id.</u> at § 3582(c)(1)(A)(i) & (ii).  The second basis for relief does not apply in this case, and thus, defendant Patrick Tables bears the burden of establishing that "extraordinary and compelling reasons" justify a decrease in the term of his imprisonment.  <u>See</u> <u>Riley v. United States</u>, 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020).  Any compassionate release must also be consistent with (i) the sentencing factors set forth in 18 U.S.C. § 3553(a), and (ii) the applicable policy statement issued by the United States Sentencing Commission ("Commission").  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

**A.      Extraordinary and Compelling Reasons**

The Government does not appear to dispute that defendant's age and constellation of medical conditions heighten his risk of severe complications or death if he contracts COVID-19.  The Government concedes that this type of increased risk constitutes an "extraordinary and compelling" reason permitting the Court to consider a sentence reduction.  <u>See</u> Response at 10 (docket no. 575).  The Government asserts, however, that the information defendant has offered concerning the situation at BOP facilities generally and at FCI Big Spring specifically is outdated, and that release to a residential reentry center or home confinement does not necessarily reduce the chance of infection with the coronavirus that causes COVID-19.  The first contention is contradicted by defendant's supplemental submission, docket no. 587, indicating that, as of September 1, 2020, FCI Big Spring had 69 active cases of COVID-19, up from 13 cases just the day before, August 31, 2020.  The second argument does not persuade the Court that defendant

would be safer if he remains at FCI Big Spring.  The Court exercises its discretion[2] to conclude that defendant has made the requisite showing of "extraordinary and compelling reasons" for compassionate release.  See United States v. Locke, 2020 WL 3101016 (W.D. Wash. June 11, 2020); United States v. Pippin, 2020 WL 2602140 (W.D. Wash. May 20, 2020); Rodriguez, 2020 WL 1627331 at *7-8.

B.   **Applicable Sentencing Factors and Policy Statement**

Both the statute at issue and the Commission's policy statement require the Court to consider the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  The policy statement further mandates that a defendant may be granted compassionate release only if he or she is "not a danger to the safety of any other person or to the community," as evaluated in the manner outlined in 18 U.S.C. § 3142(g), which governs the release or detention of an accused pending trial.  See USSG § 1B1.13(2).  Sections 3142(g) and 3553(a) have substantial overlap, both indicating that the Court should take into account (i) the nature and circumstances of the

---

[2] In the application notes to United States Sentencing Guideline ("USSG") § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, see USSG § 1B1.13 cmt. n.1(A)-(C), as well as a "catch-all" provision, id. cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, see United States v. McPherson, --- F. Supp. 3d. ---, 2020 WL 1862596 at *4 (W.D. Wash. Apr. 14, 2020).  USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts nationwide are split on the question of whether the Commission's list of "extraordinary and compelling reasons" is binding.  See United States v. Almontes, 2020 WL 1812713 at *3 & n.5 (D. Conn. Apr. 9, 2020); see also United States v. Sandoval, 2020 WL 3077152 at *3-4 (W.D. Wash. June 10, 2020).  The Court concludes that, given the "catch-all" provision of the Commission's application notes and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of "extraordinary and compelling reasons."  See Rodriguez, 2020 WL 1627331 at *4-6.

ORDER - 4

charged offense, (ii) the history and characteristics of the defendant, and (iii) the nature and seriousness of the danger to any person or the community that would be associated with the defendant's release.  <u>See</u> 18 U.S.C. §§ 3142(g)(1), (3), & (4), and 3553(a)(1) & (2)(C).  Section 3553(a) also directs the Court to choose sentences that promote respect for the law, impose just punishment of the offense, afford adequate deterrence, provide training, medical care, and correctional treatment in the most effective manner, and avoid sentence disparities among similarly-situated defendants.  18 U.S.C. §§ 3553(a)(2) & (6).

The Court concludes that a reduction in defendant's sentence is consistent with these various factors.  Although defendant committed a serious offense, the Court would not have imposed the lengthy sentence that defendant received in the absence of a mandatory minimum term.  Moreover, although the Government expresses legitimate concerns about defendant's previously violent behavior, the Court is persuaded that defendant's poor health will itself inhibit him from engaging in similar conduct after his release, and that the risks associated with COVID-19 will motivate defendant to remain compliant with the conditions of supervised release.  Defendant has demonstrated an ability to maintain his sobriety and to quell the effects of exposure at a young age to violence and abuse, and he is not deserving of a death sentence, which is a potential outcome if he is not released, given his age and chronic health problems, as well as the apparently deteriorating conditions at FCI Big Spring.  To risk defendant's life under the circumstances does not promote respect for the law, impose just punishment, avoid sentencing disparities, or provide medical care and correctional treatment in the most effective manner.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motion for compassionate release, docket no. 562, is GRANTED, and defendant's term of imprisonment is reduced to time served, **provided as follows**:

    (a) To alleviate fears about defendant's potential future dangerousness and to avoid disparity in sentences for similar crimes, two (2) years of the unserved portion of defendant's term of imprisonment shall be served on supervised release, *see* 18 U.S.C. § 3582(c)(1)(A), followed by the previously imposed five-year period of supervised release;

    (b) Supervised release shall commence immediately upon defendant's release from custody, during which time defendant shall be subject to the mandatory, standard, and special conditions of supervision set forth in the Judgment, docket no. 305, as well as the conditions set forth in this Order;

    (c) Defendant shall reside in and satisfactorily participate in a residential reentry center program for up to 180 days or until discharged by the Program Manager or U.S. Probation Officer; defendant may be responsible for a 25% gross income subsistence fee;

    (d) Upon defendant's transition to other housing, the U.S. Probation Officer may require that defendant participate in the location monitoring program with Active Global Positioning Satellite technology for a period of up to two (2) years; during this period, defendant may be restricted to his residence at all times

except for employment, religious services, medical or legal reasons, or as otherwise approved by the location monitoring specialist;

(e) To ensure that defendant does not transmit a known pathogen to the community, defendant shall be placed in quarantine at FCI Big Spring for a 14-day period prior to his release; if defendant tests positive for the coronavirus that causes COVID-19 at any time during the quarantine period, BOP shall notify the Government, which will immediately notify the Court so that this Order may be appropriately modified;

(f) Defendant shall contact the United States Probation Office in Seattle and/or Texas within 24 hours of his release and follow all instructions he is given.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 2nd day of September, 2020.

Thomas S. Zilly
United States District Judge